IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN ANTHONY PINO, | : | Civil No.3:05cv1516 |
| Plaintiff | : | |
| | : | Judge Jones |
| v. | : | |
| | : | |
| THOMAS I. VANASKIE, et al., | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

August 24, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

John Anthony Pino ("Pino" or "Plaintiff") filed this pro se civil rights complaint regarding his arrest and present incarceration in the Lackwanna County Prison. (See Rec. Doc. 1). His complaint is accompanied by an in forma pauperis application. (See Rec. Doc. 2).

For the reasons set forth below, Pino will be granted leave to proceed in forma pauperis for the purpose of filing this action. However, his complaint will be dismissed, without prejudice, as legally frivolous under 28 U.S.C. § 1915.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

On July 29, 2005, Pino filed a complaint naming as defendants Thomas I. Vanaskie, Chief Judge of the United States District Court for the Middle District of

Pennsylvania, the Third Circuit Judicial Conference, and the United States Judicial Conference (collectively "Defendants").  In his complaint, Pino alleges that he was arrested "without probable cause, or without any warrant's [sic] filed for this unlawful arrest."  (Cmplt. ¶ 9).  Pino then alleges that he was deprived of various constitutional and other rights as the criminal action against him progressed.  At some point, Pino states that the prosecution against him was transferred to federal authorities and to the docket of Judge Vanaskie.

Pino requests compensatory damages of $1,000,000 per day for his alleged false arrest and $3,000,000 per day for his alleged false incarceration.

**DISCUSSION:**

28 U.S.C. § 1915(e)(2) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) **seeks monetary relief against a defendant who is immune from such relief.**

(emphasis added).

Consequently, federal courts reviewing civil rights complaints filed by persons wishing to proceed in forma pauperis  may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal

theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[1]  In Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995), the Third Circuit added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."

Few doctrines are more solidly established at common law than the absolute immunity of judges from suit for acts performed in their judicial capacity. Cleavinger v. Saxner, 474 U.S. 193 (1985).  The Supreme Court has instructed that such immunity is clearly "essential to protect the integrity of the judicial process," and recognizes that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without fear that they will be subjected to burdensome and vexatious litigation. Id. at 200; Bradley v. Fisher, 80 U.S. 335, 349-50 (1872)(held that a federal judge could not be held liable for damages resulting from judicial acts taken within the jurisdiction of the court.) "The doctrine of judicial immunity is founded upon the premise that a judge, in

---

[1] Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000); see also Bradley, 80 U.S. at 347.

The Supreme Court has set forth the prerequisites for, and the breadth of, judicial immunity. A judge's immunity from civil suit is overcome in only two sets of circumstances. "First, a judge is not immune from liability for nonjudicial actions, i.e. actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12 (1991); see also Stump v. Sparkman, 435 U.S. 349, 360 (1978).

We must therefore conduct a two-part inquiry to determine whether judicial immunity is applicable to Defendant Judge Vanaskie. We will discuss each part of the judicial immunity inquiry in turn.

First, a judge is not immune from liability for nonjudicial actions, actions that are not taken in the judge's judicial capacity. Mireles, 502 U.S. at 11; see Gallas, 211 F.3d at 768-89. Factors which determine whether an act is a "judicial act" "relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362. These factors are broadly

4

construed in favor of immunity and in some situations immunity is to be afforded even though one or more of these factors is not met. Malina v. Gonzales, 994 F.2d 1121, 1124 (5th Cir. 1993). In determining whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge, rather than rigidly scrutinize only the particular act in question. Mireles, 502 U.S. at 13; see also Stump, 435 U.S. at 362. The Third Circuit Court of Appeals has explained that "[i]n sum, our analysis must focus on the general nature of the challenged action, without inquiry into such 'specifics' as the judge's motive or the correctness of his or her decision." Gallas, 211 F.3d at 769; see also Mireles, 502 U.S. at 13 ("The relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.' In other words, we look to the particular act's relation to a general function normally performed by a judge[.]")(citation omitted).

Regarding judicial acts, our analysis must focus upon the general nature of the challenged action, without inquiry into such "specifics" as the judge's motive or the correctness of his decision. Gallas, 211 F.3d at 769; see also Mireles, 502 U.S. at 13 ("The relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'"). Dispute resolution is the touchstone for judicial immunity. See Barrett v. Harrington, 130 F.3d 246, 255 (6th Cir. 1997)(citing Antoine v. Evers & Anderson, Inc., 508 U.S. 429, 435-36 (1993)).

Plaintiff alleges that Judge "Vanaskie, is the Plaintiff's trial judge, on this illegal indictment." (Cmplt. ¶ 17). Plaintiff further alleges that he was "Illegally Arrest[ed] by Judge Thomas I. Vanaskie." (Id. at 2). Insofar as Pino alleges that Judge Vanaskie illegally arrested him, we take this to mean that he alleges that Judge Vanaskie illegally ordered Pino detained. Both ordering a defendant to be detained and presiding as a trial judge over a criminal action are clearly judicial acts performed in the course of duty of a judicial officer.

Second, Judge Vanaskie is not entitled to immunity if his actions were performed in the absence of any jurisdiction. Insofar as Plaintiff's complaint alleges that the relevant acts for which he was arrested all occurred within the confines of the Middle District of Pennsylvania, and that the arrest warrant attached to Pino's complaint appears valid, we find that Pino has failed to establish that Judge Vanaskie acted without jurisdiction.

Accordingly, with both criteria discussed previously satisfied, Judge Vanaskie is entitled to absolute immunity and the complaint in the case sub judice against him must be dismissed.

### B.     Sovereign Immunity Doctrine

The Supreme Court has instructed that the United States, its agencies, and its officers are protected against suit by sovereign immunity. Dugan v. Rank, 372 U.S.

609 (1963); <u>Clinton County Comm'rs v. U.S. E.P.A.</u>, 116 F.3d 1018, 1021 (3d Cir. 1997); <u>Antol v. Perry</u>, 82 F.3d 1291 (3d Cir. 1996).  Defendants accurately point out that Congress and Congress alone has the authority to determine whether and under what circumstances to waive the sovereign immunity of the United States. <u>United States v. Testan</u>, 424 U.S. 392 (1976).  In addition, the judicial councils of the various circuit courts are established and governed by 28 U.S.C. § 332, which contains no express waiver of the judicial councils' sovereign immunity.  As Congress has not authorized suits against the Third Circuit Judicial Conference or the United States Judicial Conference, Plaintiff's action against these entities must be also dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> (Rec. Doc. 2) is GRANTED.

2. Plaintiff's complaint (Rec. Doc. 1) is dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

3. The Clerk shall close the file on this case.

s/ John E. Jones III
John E. Jones III

United States District Judge